MORVILLO, ABRAMOWITZ, GRAND,
IASON, ANELLO & BOHRER, P.C.
Robert J. Anello (RA-9555)
565 Fifth Avenue
New York, NY  10017
(212) 856-9600 (Phone)
(212) 856-9494 (Fax)

HOLME ROBERTS & OWEN LLP
John V. McDermott (11854)
Christopher C. Zenisek (34093)
410 17th St., Ste. 2200
Denver, CO  80202
(303)-223-1100 (Phone)
(303)-223-1111 (Fax)

*Attorneys for Apex Equity Options Fund, LP,*
*Apex Equity Management, LLC, Kyle J. Thompson,*
*Cory H. Thompson, Thompson Consulting, Inc.,*
*Sherwood Financial, Inc., E. Sherman Warner*

UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x
RICHARD KELTER, individually and as                              :
Trustee of the Richard Kelter Trust                              :
DATED June 30, 2004                                              :   Case No. 08CV02911
                                                                 :
         Plaintiff,                                              :
                                                                 :
         -against-                                               :   **ANSWER TO COMPLAINT**
                                                                 :   **AND JURY DEMAND**
APEX EQUITY OPTIONS FUND, LP, APEX                               :
EQUITY MANAGEMENT, LLC, KYLE J.                                  :
THOMPSON, CORY H. THOMPSON,                                      :
THOMPSON CONSULTING, INC.,                                       :
SHERWOOD FINANCIAL, INC.,                                        :
E. SHERMAN WARNER, M&K HOLDINGS,                                 :
LLC, MICHAEL T. MORLEY, KRYSTIN P.                               :
MORLEY, and WILLOWBEND PROPERTY                                  :
COMPANY, LLC,                                                    :
                                                                 :
         Defendants.                                             :
-----------------------------------------------------------------x

Defendants Apex Equity Options Fund, LP, Apex Equity Management, LLC, Sherwood Financial, Inc., Kyle J. Thompson, Cory H. Thompson, and Thompson Consulting, Inc. (collectively, the "Answering Defendants"), through counsel, hereby answer or otherwise respond to the Complaint as follows:

1. Answering Defendants lack sufficient knowledge to form a belief as to the accuracy of the allegations in paragraph 1 and therefore deny them.

2. Answering Defendants admit that the Apex Equity Option Fund, LP ("Apex Fund") is a Delaware limited partnership and that Kelter is an investor in and limited partner of the Apex Fund, but deny all other allegations in paragraph 2.

3. Answering Defendants admit that Apex Equity Management, LLC is a limited liability company organized and existing under the laws of the State of Utah and that it is the general partner of the Apex Fund. Answering Defendants deny all other allegations in paragraph 3.

4. Answering Defendants admit the allegations in paragraph 4.

5. Answering Defendants admit the allegations in paragraph 5.

6. Answering Defendants admit that Defendant Thompson Consulting, Inc. ("TCI") is a corporation organized and existing under the laws of Utah, that Kyle Thompson is the president and Cory Thompson the vice president of TCI, and that TCI acts as investment advisor for the Apex Fund, but Answering Defendants deny all other allegations in paragraph 6.

7. Answering Defendants admit the allegations in paragraph 7.

8. Answering Defendants admit the allegations in paragraph 8.

9. Answering Defendants lack sufficient knowledge to form a belief as to the accuracy of the allegations in the first sentence and therefore deny them, and deny the allegations in the second sentence of paragraph 9.

10. Answering Defendants admit that Michael T. Morley is an individual, a resident of Utah, and one of the beneficial owners of the M&K Holdings account, and deny all other allegations in paragraph 10.

11. Answering Defendants admit that Krystin Morley is an individual, a resident of Utah, the wife of Michael Morely, the other beneficial owner of the M&K Holdings account, and deny all other allegations in paragraph 11.

12. Answering Defendants lack sufficient knowledge to form a belief as to the accuracy of the allegations in paragraph 12 and therefore deny them.

13. Answering Defendants deny the allegations in paragraph 13.

14. Answering Defendants admit the allegations in paragraph 14.

15. Answering Defendants admit the allegations in paragraph 15.

16. Answering Defendants admit that TCI and Sherwood Financial were formed before March 1, 2005, that Apex Fund is a limited partnership, and that Apex Management serves as a general partner of the Apex Fund. With respect to the remaining allegations in paragraph 16, the organizing documents for the various entities speak for themselves and therefore the remaining allegations are denied.

17. Answering Defendants admit the allegations in paragraph 17.

18. Answering Defendants admit that on about March 1, 2005 the Apex Fund began offering for sale limited partnership interests and that Exhibit A to the Complaint appears to be a copy of the confidential Private Placement Memorandum circulated to such potential investors,

and that Kelter received the Private Placement Memorandum. With respect to the remaining allegations, the Private Placement Memorandum speaks for itself and the Answering Defendants deny all other allegations in paragraph 18.

19. The Private Placement Memorandum speaks for itself and therefore Answering Defendants deny the allegations in paragraph 19.

20. Answering Defendants admit that WealthWise, LLC ("WealthWise"), a Registered Investment Advisor, and Jeffrey A. Forrest ("Forrest"), received a copy of the Apex Fund Private Placement Memorandum for use with their clients, and that WealthWise clients, including Kelter, purchased limited partnership interests in the Apex Fund in the approximate amount of $40 million. Answering Defendants lack sufficient knowledge to form a belief as to the accuracy of the remaining allegations in paragraph 20 and therefore deny them.

21. Answering Defendants lack sufficient knowledge to form a belief as to the accuracy of the allegations in paragraph 21 and therefore deny them.

22. Answering Defendants lack sufficient knowledge to form a belief as to the accuracy of the allegations in paragraph in 22 and therefore deny them.

23. Answering Defendants lack sufficient knowledge to form a belief as to the accuracy of the allegations in paragraph in 23 and therefore deny them.

24. Answering Defendants admit that Kelter met with Forrest, Condie and Kyle Thompson and the Apex Fund was discussed, and that this meeting was held in San Luis Obispo County, California, but deny all other allegations in paragraph 24.

25. Answering Defendants admit that in or about the Spring of 2005, the Richard Kelter Trust became a limited partner of the Apex Fund, investing over $4 million in the aggregate, but deny all other allegations in paragraph 25.

26. Answering Defendants admit the Apex Fund suffered a total loss but deny all other allegations in paragraph 26.

27. Answering Defendants state that the documents for the trades at issue speak for themselves and therefore deny all other allegations in paragraph 27.

28. Answering Defendants state that the documents for the trades at issue speak for themselves and therefore deny all other allegations in paragraph 28.

29. Answering Defendants admit that on or about April 15, 2007 a letter was distributed to Kelter and other Apex investors, that a copy of the letter appears to be attached as Exhibit D and that such letter speaks for itself. Answering Defendants lack sufficient knowledge to form a belief as to the accuracy of the remaining allegations in paragraph 29 and therefore deny them.

30. Answering Defendants lack sufficient knowledge to form a belief as to the accuracy of the allegations regarding the representations of WealthWise and Forrest and therefore deny them, and deny the remaining allegations in paragraph 30.

31. Answering Defendants lack sufficient knowledge to form a belief as to the accuracy of the allegations in paragraph 31 and therefore deny them.

32. Answering Defendants admit that Kyle Thompson sent an email dated August 9, 2007 and that an accurate copy of the email appears to be attached to the Complaint. Answering Defendants lack sufficient knowledge to form a belief as to the accuracy of the remaining allegations in paragraph 32 and therefore deny them.

33. Answering Defendants admit that on or about August 16, 2007 the Apex Fund suffered "a near total loss" as represented by Kyle Thompson in his August 22, 2007 letter to

investors, and that an accurate copy of Thompson's letter appears to be attached as Exhibit F to the Complaint. Answering Defendants deny the remaining allegations in paragraph 33.

34. Answering Defendants deny the allegations in paragraph 34.

35. Answering Defendants state that the documents for the trades referenced speak for themselves and therefore deny the remaining allegations in paragraph 35.

36. Answering Defendants deny the allegations in paragraph 36.

37. Answering Defendants state that the documents for the trades referenced speak for themselves and therefore deny the remaining allegations in paragraph 37.

38. Answering Defendants state that the documents for the trades referenced speak for themselves and therefore deny the remaining allegations in paragraph 38.

39. Answering Defendants deny the allegations in paragraph 39.

40. Answering Defendants admit that during August, 2007, the price of the VIX rose dramatically, and the Apex Fund experienced a virtual total loss when the VIX August call contracts Thompson Consulting had written in the Apex Fund account were either exercised or closed due to maintenance calls required by Cybertrader, but deny all other allegations in paragraph 40.

41. Answering Defendants deny the allegations in paragraph 41.

42. Answering Defendants deny the allegations in paragraph 42.

43. Answering Defendants admit that M&K Holdings suffered losses in March, 2007 and deny the remaining allegations in paragraph 43.

44. Answering Defendants admit that M&K Holdings received loans in the Spring, 2007 and deny the remaining allegations in paragraph 44.

45. Answering Defendants admit that M&K Holdings was loaned funds in March, 2007 and deny the remaining allegations in paragraph 45.

46. Answering Defendants admit that M&K Holdings was loaned funds in March, 2007 and deny the remaining allegations in paragraph 46.

47. Answering Defendants admit that M&K Holdings was loaned funds in March, 2007 and deny the remaining allegations in paragraph 47.

48. Answering Defendants deny the allegations in paragraph 48.

49. Answering Defendants deny the allegations in paragraph 49.

50. Answering Defendants deny the allegations in paragraph 50.

51. Answering Defendants restate their responses to paragraphs 1 through 50 of the Complaint.

52. Answering Defendants state that the first sentence does not require a response. Answering Defendants admit the allegations in the second sentence and deny the remaining allegations in paragraph 52.

53. Answering Defendants deny the allegations in paragraph 53.

54. Answering Defendants lack sufficient knowledge to form a belief as to the accuracy of the allegations in paragraph 54 and therefore deny them.

55. Answering Defendants deny the allegations in paragraph 55.

56. Answering Defendants deny the allegations in paragraph 56.

57. Answering Defendants deny the allegations in paragraph 57.

58. Answering Defendants deny the allegations in paragraph 58.

59. Answering Defendants restate their responses to paragraphs 1 through 50 and 51 through 58 of the Complaint.

60. Answering Defendants state that the first sentence does not require a response and deny the remaining allegations in paragraph 60.

61. Answering Defendants deny the allegations in paragraph 61.

62. Answering Defendants deny the allegations in paragraph 62.

63. Answering Defendants deny the allegations in paragraph 63.

64. Answering Defendants restate their responses to paragraph 1 through 50, 52 through 58, and 60 through 63 of the Complaint.

65. Answering Defendants deny the allegations in paragraph 65.

66. Answering Defendants deny the allegations in paragraph 66.

67. Answering Defendants lack sufficient knowledge to form a belief as to the accuracy of the allegations in paragraph 67 and therefore deny them.

68. Answering Defendants deny the allegations in paragraph 68.

69. Answering Defendants deny the allegations in paragraph 69.

70. Answering Defendants deny the allegations in paragraph 70.

71. Answering Defendants restate their responses to paragraphs 1 through 50, 52 through 58, 60 through 63, and 65 through 70 of the Complaint.

72. Answering Defendants deny the allegations in paragraph 72.

73. Answering Defendants deny the allegations in paragraph 73.

74. Answering Defendants lack sufficient knowledge to form a belief as to the accuracy of the allegations in paragraph 74 and therefore deny them.

75. Answering Defendants deny the allegations in paragraph 75.

76. Answering Defendants deny the allegations in paragraph 76.

77. Answering Defendants restate their responses to paragraphs 1 though 50, 52 through 58, 60 through 63, 65 through 70, and 72 through 76 of the Complaint.

78. Answering Defendants deny the allegations in paragraph 78.

79. Answering Defendants deny the allegations in paragraph 79.

80. Answering Defendants deny the allegations in paragraph 80.

81. Answering Defendants deny the allegations in paragraph 81.

82. Answering Defendants deny the allegations in paragraph 82.

83. Answering Defendants deny the allegations in paragraph 83.

84. Answering Defendants restate their responses to paragraphs 1 through 50, 52 through 58, 60 through 63, 65 through 70, 72 through 76, and 78 through 83 of the Complaint.

85. Answering Defendants deny the allegations in paragraph 85.

86. Answering Defendants deny the allegations in paragraph 86.

87. Answering Defendants deny the allegations in paragraph 87.

88. Answering Defendants restate their responses to paragraphs 1 through 50, 52 through 58, 6 through 63, 65 through 70, 72 through 76, 78 through 83, and 85 through 87 of the Complaint.

89. Answering Defendants state that the limited partnership agreement speaks for itself and deny all remaining allegations in paragraph 89.

90. Answering Defendants deny the allegations in paragraph 90.

91. Answering Defendants deny the allegations in paragraph 91.

92. Answering Defendants restate their responses to paragraphs 1 through 50, 52 through 58, 60 through 63, 65 through 70, 72 through 76, 78 through 83, 85 through 87, and 89 through 91 of the Complaint.

93. Answering Defendants deny the allegations in paragraph 93.

94. Answering Defendants deny the allegations in paragraph 94.

95. Answering Defendants restate their responses to paragraphs 1 through 50, 52 through 58, 60 through 63, 65 through 70, 72 through 76, 78 through 83, 85 through 87, 89 through 91, and 93 and 94 of the Complaint.

96. Answering Defendants deny the allegations in paragraph 95.

97. Answering Defendants restate their responses to paragraphs 1 through 50, 52 through 58, 60 through 63, 65 through 70, 72 through 76, 78 through 83, 85 through 87, 89 through 91, 93, 94 and 96 of the Complaint.

98. Answering Defendants state that approximately $3 million was loaned by the Apex Fund to M&K Holdings and deny all other allegations in paragraph 98.

99. Answering Defendants deny the allegations in paragraph 99.

100. Answering Defendants deny the allegations in paragraph 100.

101. Answering Defendants deny the allegations in paragraph 101.

102 Answering Defendants restate their responses to paragraphs 1 through 50, 52 through 58, 60 through 63, 65 through 70, 72 through 76, 78 through 83, 85 through 87, 89 through 91, 93, 94, 96 and 98 through 101 of the Complaint.

103. Answering Defendants deny the allegations in paragraph 103.

104. Answering Defendants restate their responses to paragraphs 1 through 50, 52 through 58, 60 through 63, 65 through 70, 72 through 76, 78 through 83, 85 through 87, 89 through 91, 93, 94, 96, 98 through 101, and 103 of the Complaint.

105. Answering Defendants deny the allegations in paragraph 105.

106. Answering Defendants deny the allegations in paragraph 106.

107     Answering Defendants deny the allegations in paragraph 107.

108     Answering Defendants deny the allegations in paragraph 108.

109     Answering Defendants deny the allegations in paragraph 109.

110.    Answering Defendants deny the allegations in paragraph 110.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Any harm claimed was not actually and proximately caused by any act or acts of the Answering Defendants but was caused by the acts of others.

## THIRD DEFENSE

Plaintiffs' claims for relief are barred because all alleged acts and omissions of the Answering Defendants were undertake in good faith, without bad intent or recklessness and were fully justified and reasonable under the circumstances.

WHEREFORE, the Answering Defendants request that the Complaint be dismissed with prejudice and that they be awarded their attorneys' fees and costs.

Dated: June 9, 2008
      New York, New York

                    MORVILLO, ABRAMOWITZ, GRAND,
                     IASON, ANELLO & BOHRER, P.C.


                    By: /s/ Robert J. Anello
                        Robert J. Anello (RA-9555)
                    565 Fifth Avenue
                    New York, New York 10017
                    Phone: (212) 856-9600
                    Fax: (212) 856-9494
                    E-mail: ranello@maglaw.com

                    *Attorneys for Defendants Apex Equity Options Fund, LP, Apex Equity Management, LLC, Kyle J. Thompson, Corey H. Thompson, Thompson Consulting, Inc., and Sherwood Financial, Inc.*


Of Counsel:

John V. McDermott (11854)
Christopher C. Zenisek (34093)
Holme Roberts & Owen LLP
410 17th St., Ste. 2200
Denver, CO  80202
(303)-223-1100 (Phone)
(303)-223-1111 (Fax)